27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth W. SAMUELS, Defendant-Appellant.
 No. 93-2230.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 
 1
 appeal from the United States District Court for the Central District of Illinois, Springfield Division, No. 92 CR 30077; Richard Mills, JM
 
 ORDER
 
 2
 Kenneth W. Samuels was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1), and was sentenced to sixteen years' imprisonment followed by five years of supervised release. On appeal, Samuels argues that the evidence was insufficient to support his conviction. We affirm.
 
 
 3
 A defendant faces a formidable burden when challenging his conviction on sufficiency grounds. United States v. Kelly, 991 F.2d 1308, 1315 (7th Cir.1993); United States v. Bennett, 908 F.2d 189, 196 (7th Cir.), cert. denied, 498 U.S. 991 (1990). We approach a sufficiency challenge by viewing the evidence and all reasonable inferences in the light most favorable to the government. Bennett, 908 F.2d at 196. We will reverse a conviction only if no rational juror could have found the essential elements of the crime charged beyond a reasonable doubt. Id.
 
 
 4
 Samuels contends that the government failed to prove his guilt beyond a reasonable doubt because he was justified in possessing the firearm in order to protect himself from Michael Ratcliffe. The defense of necessity is established where (1) the defendant was under an unlawful and present threat of death or serious bodily injury at the time he possessed the charged firearm; (2) the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) the defendant had no legal reasonable alternatives to both the criminal act and the avoidance of the threatened harm; and (4) there existed a direct causal relationship between the criminal action and the avoidance of the threatened harm. United States v. Wheeler, 800 F.2d 100, 107 (7th Cir.1986), overruled on other grounds, United States v. Sblendorio, 830 F.2d 1382 (7th Cir.1987), cert. denied, 484 U.S. 1068 (1988); see United States v. Elder, 16 F.3d 733, 738 (7th Cir.1994) (reformulating Wheeler's four-part test into an essentially identical two-part test).
 
 
 5
 Considering the evidence in the light most favorable to the government, there was sufficient evidence to support the jury's rejection of the necessity defense since Samuels faced no present threat of death or serious bodily injury. Samuels admitted to Special Agent Thomas Lane of the Bureau of Alcohol, Tobacco and Firearms that he had obtained the firearm from his brother several months before his arrest, and that he had lied about it to the arresting officers because he did not want to get his brother into trouble. (Tr. 33-34). Samuels' testimony that he grabbed the gun away from his brother moments before his arrest when he saw Michael Ratcliffe pull into the liquor store parking lot was contradicted by Officer Kincaid's testimony that Ratcliffe was not present in the lot and that Ratcliffe's car was not in the area. (Tr. 17-20). The jury was entitled to resolve this credibility issue in favor of the government, and we will not disturb its determination. Kelly, 991 F.2d at 1315-16. We conclude that there was ample evidence in the record to support the jury's verdict.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Cir.R. 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record